IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00663 JMS |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR RESENTENCING |
| vs. | ) | PURSUANT TO 18 U.S.C. |
| | ) | § 3582(c)(2) & U.S.S.G. 1B1.10(c), |
| ADAM AVILA, | ) | DOC. NO. 47 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C. § 3582(c)(2) & U.S.S.G. 1B1.10(c), DOC. NO. 47

On November 3, 2011, Defendant Adam Avila ("Defendant") pled guilty to a one-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. *See* Doc. Nos. 1 & 17. On February 25, 2013, Defendant was sentenced as a career offender pursuant to United States Sentencing Guidelines § 4B1.1 to a 228 month term of incarceration. *See* Doc. Nos 43 & 45.

On April 6, 2015, Defendant, proceeding *pro se*, filed a Motion under 18 U.S.C. § 3582(c)(2) for reduction of his sentence based on Amendment 782 to the Sentencing Guidelines ("Motion"), Doc. No. 47. For the following reasons, the Motion is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may "modify an imposed sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if: . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, cmt. n.1(A).

The guideline sentencing range for drug offenses is usually (but not always) "determined under U.S.S.G. § 2D1.1(c), which correlates the length of the prison term with the quantity of drugs." *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). Amendment 782, which became effective November 1, 2014, generally revised the Drug Quantity Table in § 2D1.1 downward by two levels. The Sentencing Commission further provided that Amendment 782 would apply retroactively to previously-sentenced defendants. *See* U.S.S.G. §§ 1B1.10(d), (e)(1).

But Amendment 782 did not lower the sentencing range for career offenders -- that is, career offenders are sentenced under U.S.S.G. § 4B1.1, not

2

§ 2D1.1. *See United States v. Charles*, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders.") (internal citations and quotation marks omitted); *see also Wesson*, 583 F.3d at 731 (determining that a career offender sentenced under a guideline range calculated pursuant to § 4B1.1 is not eligible for a sentence reduction based on an amendment revising downward the § 2D1.1 drug amount table).

Put differently, because Defendant was sentenced as a career offender, Amendment 782 does not lower his guideline range. *See United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (finding that a career offender's guideline range is "unaffected by Amendment 782"); *United States v. Daniels*, 2015 WL 1228904, at *1 (S.D. Ill. Mar. 16, 2015) ("Amendment 782 does not lower the guideline range for career offenders because their offense level and guideline range are based on § 4B1.1(b), not § 2D1.1(c)."); *Zeich v. United States*, 2014 WL 6774878, at *2 (E.D. Cal. Nov. 10, 2014) (holding that career offender sentenced pursuant to § 4B1.1 is ineligible for sentence reduction based on Amendment 782).

///

///

Accordingly, the Motion for reduction of sentence based on Amendment 782 is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 10, 2015.



   /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Avila*, Cr. No. 11-00663 JMS, Order Denying Defendant's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) & U.S.S.G. 1B1.10(c), Doc. No. 47