IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADAM AVILA,<br><br>               Defendant/Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Plaintiff/Respondent. | Cr. No. 11-00663 JMS<br>Civ. No. 16-00298 JMS-RLP<br><br>ORDER: (1) DENYING DEFENDANT-PETITIONER'S "COMBINED PETITION FOR AUDITA QUERELA, MANDAMUS, PROHIBITION, CORAM NOBIS, CORAM VOBIS, HABEAS CORPUS, BAIL ON PETITIONER'S OWN RECOGNIZANCE -- WITHOUT SURETY AND WITH CELERITY -- AND FOR ANY OTHER EXTRAORDINARY REMEDY," ECF NO. 52; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**ORDER: (1) DENYING DEFENDANT-PETITIONER'S "COMBINED PETITION FOR AUDITA QUERELA, MANDAMUS, PROHIBITION, CORAM NOBIS, CORAM VOBIS, HABEAS CORPUS, BAIL ON PETITIONER'S OWN RECOGNIZANCE -- WITHOUT SURETY AND WITH CELERITY -- AND FOR ANY OTHER EXTRAORDINARY REMEDY," ECF NO. 52; (2) AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

On November 3, 2011, Defendant-Petitioner Adam Avila ("Petitioner" or "Avila") pled guilty to a single-count indictment charging him with conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

1

On February 25, 2013, the court sentenced Avila as a career offender under the United States Sentencing Guidelines ("USSG") to a term of imprisonment of 228 months, a term of supervised release of five years, and a special assessment of $100.  Currently before the court is Avila's June 2, 2016[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion").[2]  ECF No. 52.

Avila's § 2255 Motion alleges that: (1) he is not a career offender under the USSG in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015); (2) the court violated the ex post facto clause; (3) his convictions constitute double jeopardy; (4) he was not indicted for every element necessary to convict; and (5) the government breached the plea agreement.  Avila seeks numerous common law writs to remedy these alleged errors.  Because Avila's § 2255 Motion is untimely, the court DENIES the § 2255 Motion and DENIES a Certificate of Appealability.

///

///

///

---

[1] Although the § 2255 Motion was filed on June 7, 2016, under the "mail box rule," the court construes it as having been filed on its mailing date of June 2, 2016.  *See* ECF No. 52-1.

[2] The court acknowledges that Avila's § 2255 Motion bears a longer, differently-worded title, but as the court finds in this order, the Motion is properly construed as a § 2255 Motion and refers to it as such.

## II. BACKGROUND

A.   **Avila's Conviction and Sentencing**

On July 7, 2011, Avila was charged in a single-count indictment with conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Indictment, ECF No. 1; Presentence Investigation Report ("PSR") ¶ 1, ECF No. 43.  Avila was arrested on September 1, 2011, and subsequently pled guilty to the single-count indictment, pursuant to a plea agreement, on November 3, 2011.  PSR ¶¶ 2-3.  As part of the plea agreement, Avila agreed to waive his right to appeal or collaterally attack the conviction and sentence except for a claim of ineffective assistance of counsel and if the court departs upward from the applicable USSG range.  Memorandum of Plea Agreement ("MOPA") ¶ 12, ECF No. 19.

The court sentenced Avila on February 25, 2013.  Sentencing Tr. ("ST") 1:5, ECF No. 59-3.  At sentencing, the Court found that Avila's two convictions for inflicting corporal injury to a spouse or cohabitant, California Penal Code ("CPC") § 273.5(a), were "crime[s] of violence" that have "as an element the use, attempted use or threatened use of physical force against the person of another."  ST 3:14-5:14 (citing USSG § 4B1.2(a)); *see also* PSR ¶¶ 44-45.  As a result, Avila was designated (without objection) as a career offender under USSG § 4B1.1, with a total offense level 34, criminal history category VI.  ST 5:9-14.

The sentencing guideline range was 262 to 327 months. *Id.* 5:9-14. After determining that a downward variance from the guideline range was appropriate, the court sentenced Avila to a term of imprisonment of 228 months, a term of supervised release of five years, and a special assessment of $100. *Id.* 19:6-10; Judgment, ECF No. 45.

**B.    Procedural Background**

On June 7, 2016, Avila filed his § 2255 Motion seeking a reduction of his sentence to "no more than 60 months imprisonment." Pet.'s Mot. at 1, 15. On August 18, 2016, the United States filed its opposition to Avila's § 2255 Motion. Resp.'s Opp'n at 1, ECF No. 59. Avila filed his reply on November 30, 2016. Pet.'s Reply at 1, ECF No. 62.

### III.    STANDARD OF REVIEW

Title 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving

party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," *Blackledge v. Allison*, 431 U.S. 63, 76 (1977), or if the issues can be conclusively decided on the basis of the evidence in the record. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

Because the court concludes that the issues in Avila's § 2255 Motion can conclusively be decided on the basis of the existing record, the court will not hold an evidentiary hearing.

## IV.  DISCUSSION

### A.  Properly Construed, Avila Brings A Motion Under 28 U.S.C. § 2255

In addition to *habeas corpus*, Avila's § 2255 Motion seeks the following writs: *Audita Querela*, *Mandamus*, Prohibition, *Coram Nobis*, and *Coram Vobis*. Pet.'s Mot. at 1. But because "common law writs survive only to

5

the extent that they fill 'gaps' in the current systems of postconviction relief," *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001), these additional writs do not survive.

First, "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *Id.* at 1080. Avila's claims are cognizable under § 2255, precluding a writ of *audita querela*.

Second, "[t]he writs of mandamus and prohibition are drastic remedies . . . used as 'an expeditious and effective means of confining the inferior court to a lawful exercise of its prescribed jurisdiction, or of compelling it to exercise its authority when it is its duty to do so.'" *Guam v. Dist. Court of Guam*, 641 F.2d 816, 820 (9th Cir. 1981) (quoting *Ex parte Peru*, 318 U.S. 578, 583 (1943)). *This* court -- not an inferior court -- issued the relevant decision.

Third, the Ninth Circuit has "consistently barred individuals in custody from seeking a writ of error *coram nobis*." *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002); *see also United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) ("*Coram Nobis* is not available, since he is still in custody."). Avila is in federal custody and is barred from seeking a writ of error *coram nobis*.

Fourth, *coram vobis* is only appropriate where "another court handed down the judgment." *Rawlins v. Kansas*, 714 F.3d 1189, 1194 (10th Cir. 2013). Because this court sentenced Avila, this writ is wholly inapplicable here.

Avila is substantively arguing a § 2255 claim -- merely naming additional writs does not change the motion. *See, e.g.*, *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.").

**B.     The Motion Is Time-Barred**

Avila's § 2255 Motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Judgment against Avila was entered on February 28, 2013. ECF No. 45. That judgment became final 14 days later when the deadline for filing a notice of appeal expired. *See United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015) (citing Fed. R. App. P. 4(b)(1)(A)). Consequently, he had to file his § 2255 Motion within one year of March 14, 2013. *See id.*

Avila argues that the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016) reset the one-year statute of limitations because, together, they recognize a new right and made that right retroactively applicable. Pet.'s Mot. ¶ 8. Those decisions are wholly inapplicable here.

Even assuming that *Johnson* and *Welch* retroactively apply to the USSG,[3] they are simply irrelevant here. The Armed Career Criminal Act (the law discussed in *Johnson* and *Welch*) creates a mandatory minimum prison term of fifteen years for those individuals classified as career criminals, due to three or more earlier convictions of a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines "violent felony" as a crime that:

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of injury to another[.]

*Johnson* and *Welch* pertained only to subsection (ii)'s residual clause -- "or otherwise involves conduct that presents a potential risk of injury to another" -- and had no effect on subsection (i). *See Johnson*, 135 S. Ct. at 2563 (finding the residual clause unconstitutionally vague).

---

[3] This very issue is presently pending before the Supreme Court in *Beckles v. United States*, No. 15-8544 (argued Nov. 28, 2016).

Here, again assuming that *Johnson* and *Welch* retroactively apply to the USSG, they would apply to the similarly worded -- and thus, similarly vague -- residual clause in USSG § 4B1.2(a)(2). But Avila's two convictions under CPC § 273.5 do not fall under the residual clause -- they instead fall under the force clause, which was unaffected by the decisions in *Johnson* and *Welch*.

The Ninth Circuit has consistently recognized that CPC § 273.5 falls under the force clause in § 4B1.2(a)(1), rather than the residual clause[4] in § 4B1.2(a)(2). *See United v. Laurico-Yeno*, 590 F.3d 818, 821 (9th Cir. 2010) ("The language relevant to our analysis here is 'the use . . . of physical force against the person of another.'" (alteration in original)); *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1084 (9th Cir. 2010) ("In sum, a conviction under § 273.5(a) is a crime of violence because it requires 'the intentional use of force against [a] person.'" (quoting *Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1132 (9th Cir. 2006)) (alteration in original)). And, in unpublished decisions subsequent to *Johnson*, the Ninth Circuit has confirmed that CPC § 273.5 convictions fall under the force clause, not the residual clause, and are thus unaffected by *Johnson*. *See*

---

[4] The court acknowledges that it inadvertently used the phrase "residual clause" at the sentencing hearing when explaining that Avila qualified as a career offender under the USSG. ST 4:11. When put in context, however, the court clearly relied on the force clause in § 4B1.2(a)(1), not the residual clause in § 4B1.2(a)(2). The court quoted the force clause -- not the residual clause -- and then relied on two Ninth Circuit cases that both rely on the force clause to find that CPC § 273.5 is a crime of violence. ST 3:25-4:21.

9

*United States v. Gonzalez*, 2016 WL 7339973, at *1 (9th Cir. Dec. 19, 2016), and *United States v. Ruiz-Diaz*, 2016 WL 4434646, at *1 (9th Cir. Aug. 22, 2016).

In sum, Avila's § 2255 Motion is time-barred because it falls well outside of the one-year statute of limitations. Section 2255(f) states that "[t]he limitation period shall run from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Beginning with subsection (1), Avila's conviction became final on March 14, 2013, requiring him to file this motion within one year from that date. He did not do so -- instead, the § 2255 Motion was filed on June 2, 2016. Despite Avila's arguments to the contrary, subsection (3) does not apply here. As explained above, Avila's prior convictions fall under the force clause, not the residual clause. Avila does not argue that subsections (2) or (4) apply here, and the court does not see any reason to find that they do.

Because Avila filed his § 2255 Motion outside the statute of limitations, the § 2255 Motion is DENIED as time-barred. Consequently, the court does not reach the other arguments contained in his § 2255 Motion.

## V. **CERTIFICATE OF APPEALABILITY**

In dismissing the § 2255 Motion, the court must also address whether Avila should be granted a certificate of appealability ("COA"). *See* Rule 11 Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The court carefully reviewed all of Avila's assertions and gave him every benefit by liberally construing them. Based on the above analysis, the court finds that reasonable jurists could not find the court's rulings debatable.

Accordingly, a COA is DENIED.

///
///
///
///
///
///
///

## VI. **CONCLUSION**

Based on the foregoing, Petitioner's § 2255 Motion to Vacate, ECF No. 52, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 23, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Avila v. United States*, Cr. No. 11-00663 JMS, Civ. No. 16-00298 JMS-RLP, Order: (1) Denying Defendant-Petitioner's "Combined Petition for Audita Querela, Mandamus, Prohibition, Coram Nobis, Coram Vobis, Habeas Corpus, Bail on Petitioner's Own Recognizance -- Without Surety and With Celerity -- and for Any Other Extraordinary Remedy," ECF No. 52; and (2) Denying a Certificate of Appealability.